UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       Case No. 25-cr-00055

JUWON JACQUEZ MADLOCK,

        Defendant.

## PLEA AGREEMENT

1.     The United States of America, by its attorneys, Brad D. Schimel, United States Attorney for the Eastern District of Wisconsin, and Kevin Knight and Patricia Daugherty, Assistant United States Attorneys, and the defendant, Juwon Jacquez Madlock, individually and by attorney Michael Steinle, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.     The defendant has been charged in all counts of a five-count indictment, which alleges violations of Title 18, United States Code, Sections 2(a), 922(d), 922(o), 924(a)(2), 924(a)(8), 1001, and 2315.

3.     The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the all of the charges in the indictment, attached hereto as Exhibit A.

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses charged in the indictment. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts in Exhibit B beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt. This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, these offenses.

## PENALTIES

6. The parties understand and agree that the offenses in the indictment to which the defendant will enter a plea of guilty carry the following maximum terms of imprisonment and fines: Count One, 15 years and $250,000; Count Two, 10 years and $250,000; Count Three, 10 years and $250,000; Count Four, 5 years and $250,000; and Count Five, 5 years and $250,000. Each count also carries a mandatory special assessment of $100 and a maximum of 3 years of supervised release. The parties further recognize that a restitution order may be entered by the court.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of transferring ammunition to a felon, as set forth in Count One of the indictment, the government must prove each of the following propositions beyond a reasonable doubt:

First, the defendant sold or otherwise transferred ammunition;

2

Second, the individual to whom the ammunition was sold or transferred was a felon; and,

Third, the defendant knew or had reasonable cause to believe that the individual was a felon.

9. The parties understand and agree that in order to sustain the charge of aiding-and-abetting the possession of stolen property, as alleged in Count Two of the indictment, the government must prove each of the following propositions beyond a reasonable doubt:

First, the defendant aided, counseled, commanded, induced or procured the commission of the offense of possessing stolen property;

Second, the defendant knowingly participated in that same offense; and,

Third, the defendant tried to make that offense succeed.

10. The parties understand and agree that in order to sustain the charge of unlawful possession of a machine gun, as alleged in Count Three of the indictment, the government must prove each of the following propositions beyond a reasonable doubt:

First, the defendant possessed a machine gun; and,

Second, the defendant knew it was a machine gun or was aware of the firearm's essential characteristics that made it a machine gun as defined under federal law.

11. The parties understand and agree that in order to sustain the charge of lying to a federal agent, as alleged in Counts Four and Five of the indictment, the government must prove each of the following propositions beyond a reasonable doubt:

First, the defendant made a statement or representation;

Second, the statement or representation was false or fraudulent;

Third, the statement or representation was material;

Fourth, the defendant acted knowingly and willfully; and,

Fifth, the defendant made the statement or representation in a matter within the jurisdiction of the executive or judicial branch of the United States government.

3

## SENTENCING PROVISIONS

12. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

13. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

14. The defendant acknowledges and agrees that his attorney has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

15. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

16. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

4

## Relevant Conduct

17. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

## Base Offense Level

18. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count One of the indictment is 14 under Sentencing Guidelines Manual § 2K2.1(a)(6).

19. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count Two of the indictment is 6 under Sentencing Guidelines Manual § 2B1.1(a)(2).

20. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count Three of the indictment is 18 under Sentencing Guidelines Manual § 2K2.1(a)(5).

21. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count Four of the indictment is 6 under Sentencing Guidelines Manual § 2B1.1(a)(2).

22. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count Five of the indictment is 6 under Sentencing Guidelines Manual § 2B1.1(a)(2).

### Adjustments

23. The parties agree to recommend to the sentencing court that a 2-level increase for abuse of a position of public trust under Sentencing Guidelines Manual § 3B1.3 is applicable to the offense level for the offenses charged in Counts One, Two, Four, and Five of the indictment.

24. The parties agree to recommend to the sentencing court that a 2-level increase for obstruction under Sentencing Guidelines Manual § 3C1.1 is applicable to the offense level for the offenses charged in Counts Two, Four, and Five of the indictment.

### Acceptance of Responsibility

25. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), and to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b), but only if the defendant exhibits conduct consistent with those provisions.

### Sentencing Recommendations

26. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

27. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

28. The defendant agrees to recommend a sentence no lower than 90 months' imprisonment. The government agrees to recommend a sentence no higher than 156 months' imprisonment.

### Court's Determinations at Sentencing

29.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

30.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

### FINANCIAL MATTERS

31.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

32.     The defendant agrees to provide to the Financial Litigation Program (FLP) of the United States Attorney's Office, at least 30 days before sentencing, and also upon request of the FLP during any period of probation or supervised release imposed by the court, a complete and

7

sworn financial statement on a form provided by FLP and any documentation required by the form. The defendant further agrees, upon request of FLP whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition. The defendant expressly authorizes the United States to obtain the defendant's credit report at any time.

### Special Assessment

33. The defendant agrees to pay the special assessment in the amount of $500 prior to or at the time of sentencing.

### Forfeiture

34. The defendant agrees that all properties listed in the indictment constitute the proceeds of the offenses to which he is pleading guilty, or were used to facilitate such offenses. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

### DEFENDANT'S WAIVER OF RIGHTS

35. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

> a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

b.  If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d.  At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e.  At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

36. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

37. The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain rights,

9

including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

38. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

39. The defendant knowingly and voluntarily waives any claim or objection he may have based on the statute of limitations or venue.

### Further Civil or Administrative Action

40. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### GENERAL MATTERS

41. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

42. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

43. The parties acknowledge, understand, and agree that the United States Attorney's Office is free to notify any local, state, or federal agency of the defendant's conviction.

44. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

45. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. Alternatively, the government may, in its discretion, ask the Court to be released from specific obligations under this plea agreement to reflect the defendant's conduct. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

11

## VOLUNTARINESS OF DEFENDANT'S PLEA

46.     The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 12-4-25

JUWON MADLOCK
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 12-4-25

MICHAEL STEINLE
Attorney for Defendant

For the United States of America:

Date: 12/5/2025

for BRAD D. SCHIMEL
United States Attorney

Date: 12/5/25

KEVIN KNIGHT
PATRICIA DAUGHERTY
Assistant United States Attorneys

13